FILED
United States Court of Appeals
Tenth Circuit

December 12, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

ERIC ROLAND BURKE,

  Plaintiff - Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA; SHELTON
RICHARDSON, Warden; ROBERT
MUNDT, Assistant Warden;
KENNETH DAUGHERTY, Chief of
Unit Management; BRUCE
ROBERTS, Chief of Security; ROGER
MOORE, Unit Manager,

  Defendants - Appellees.

No. 12-3033
(D. Kan.)
(D.C. No. 5:09-CV-03068-SAC)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

After examining the appellant's brief and the appellate record, this panel

has determined unanimously that oral argument would not materially assist in the

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

While a pretrial detainee at a Corrections Corporation of America ("CCA") facility in Leavenworth, Kansas, Eric. R. Burke filed the instant civil rights suit against CCA and several CCA employees. Burke's complaint flowed from his removal from the general prison population pursuant to the terms of the Prison Rape Elimination Act, 42 U.S.C. § 15601, et seq. After Burke informed the district court of his transfer out of the CCA facility,[1] the district court ordered Burke to show cause why his complaint should not be dismissed as moot. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) (holding that a prisoner's transfer from one prison to another moots claims for declaratory and injunctive declaratory relief against officials at the prior prison). In response, Burke alleged only the following singular basis for concluding his case continued to present a live case or controversy: the possibility he might at some point in the future be housed in another CCA facility. The district court concluded this mere possibility was insufficient to render Burke's complaint justiciable. *McAlpine v. Thompson*, 187 F.3d 1213, 1217 (10th Cir. 1999) (holding that "the hypothetical possibility that [the plaintiff] . . . [will] be returned to the same prison and same

---

[1]Burke ultimately pleaded guilty to possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). *United States v. Burke*, 633 F.3d 984, 986 (10th Cir. 2011).

conditions of confinement cannot save an otherwise moot claim for prospective injunctive relief relating to prison conditions.").

This court reviews de novo a district court dismissal for constitutional mootness. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1122 (10th Cir. 2010). Upon de novo review, this court concludes Burke's complaint is moot for exactly those reasons identified by the district court. Thus, exercising jurisdiction pursuant to 28 U.S.C. § 1291, the judgment of the district court is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge